Julie L. Hussey, Bar No. 237711
JHussey@perkinscoie.com
Ross E. Bautista, Bar No. 312319
RBautista@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130-2594
Telephone: 858.720.5700
Facsimile: 858.720.5799

Attorneys for Defendant
AMAZON.COM, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZIN ESPAHBOD,<br><br>          Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., ONYX DISTRIBUTION, INC., and DOES 1-100, inclusive,<br><br>          Defendants. | Case No. 2:21-cv-360<br><br>**DEFENDANT AMAZON.COM, INC.'S NOTICE OF REMOVAL**<br><br>[Removed from the Superior Court of the State of California for the County of Los Angeles, Case No. 20STCV16594]<br><br>Complaint Filed: May 1, 2020 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Amazon.com, Inc. ("Amazon") hereby removes this civil action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California under 28 U.S.C. §§ 1332, 1441, and 1446. Diversity jurisdiction exists because there is complete diversity and the amount in controversy exceeds $75,000.

-1-

# I.    INTRODUCTION

1.    This lawsuit involves personal injuries allegedly caused by a skin therapy wand purchased through Amazon.com. Compl. at 1.

2.    Plaintiff filed her Complaint on May 1, 2020, in the Superior Court of the State of California, County of Los Angeles, Case No. 20STCV16594. A true and correct copy of the Complaint is attached hereto as Exhibit A.

# II.    THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

3.    This action is removable under 28 U.S.C. § 1441 because this Court would have had original jurisdiction under 28 U.S.C. § 1332 had Plaintiff filed this action initially in federal court. Plaintiff is not a citizen of the same state as any of the defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## A.    Complete Diversity Exists

4.    Plaintiff is a citizen of California. *See* Compl. at 2.

5.    All named defendants are business organizations. Accordingly, the citizenship of the named defendants is as follows:

a.    Amazon.com, Inc. is a corporation. For the purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). Amazon.com, Inc. is incorporated under the laws of Delaware and its principal place of business is in Washington. It is therefore a citizen of Delaware and Washington.

b.    Onyx Distribution, Inc. was a California corporation with its principal place of business in California, and therefore was a citizen of California. Onyx Distribution, Inc., however, merged into Fleetpride West, Inc. in 2002 and no longer exists. A copy of the California Secretary of State's Business Search

– Entity Detail of Onyx Distribution, Inc. is attached hereto as Exhibit C, which indicates that the entity merged out of existence in California into another business entity. A copy of the merger document, which was filed with the California Secretary of State on January 6, 2003, and shows that Onyx Distribution merged into Fleetpride West, Inc. on December 31, 2002, is attached hereto as Exhibit D. A company that merges into another company adopts the citizenship of the merged company for diversity purposes. *See Meadows v. Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir. 1986) (affirming that a California corporation's merger with a Delaware corporation changed the former's citizenship because "the separate existence of the disappearing corporations ceases" after a merger). The surviving corporation, Fleetpride West, Inc., is incorporated under the laws of Delaware and its principal place of business is in Texas. A copy of the California Secretary of State's Business Search – Entity Detail of Fleetpride West, Inc. is attached hereto as Exhibit E, which indicates that Fleetpride West, Inc. surrendered its right to transact business in California. A copy of Fleetpride West, Inc.'s Certificate of Surrender filed with the California Secretary of State on November 4, 2005, which indicates that Fleetpride West, Inc. is incorporated under the laws of Delaware, is attached hereto as Exhibit F. Additionally, copies of Fleetpride West, Inc.'s Statements of Information (Foreign Corporation) filed with the California Secretary of State on February 2, 2004, and November 29, 2004, indicating that its

-3-
DEFENDANT AMAZON.COM, INC.'S NOTICE OF REMOVAL

principal place of business is in Texas, is attached hereto as Exhibit G. It is therefore a citizen of Delaware and Texas.

6.      Because Plaintiff is a citizen of California, while the named defendants are citizens of Delaware, Washington, and Texas, complete diversity exists both at the time the action was commenced and at the time of removal.

**B.      The Amount in Controversy Exceeds $75,000**

7.      Plaintiff does not assert a specific value for her claims on the face of the Complaint. The Court should conclude based on Plaintiff's Complaint that Plaintiff's claims involve an amount in controversy in excess of $75,000, exclusive of interest and costs.

8.      The Ninth Circuit has adopted the Fifth Circuit's procedure for determining the amount in controversy when a plaintiff does not assert a specific value in a complaint. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Under that procedure, a court should begin by determining whether it is "facially apparent" from the complaint that the claims likely exceed $75,000. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (concluding it was facially apparent that a plaintiff's claims met the amount in controversy requirement when the complaint sought relief for property damage, travel expenses, an ambulance trip, six days in the hospital, pain and suffering, humiliation, and a temporary inability to do housework). To do so, the court may use "judicial experience and common sense." *Dourian v. Stryker Corp.*, 2012 WL 12893752, No. CV 12-1790 DSF, at *1 (C.D. Cal. 2012).

9.      Here, Plaintiff filed an unlimited civil case seeking relief for personal injuries under various theories of liability, including claims for (i) breach of implied warranty of merchantability; (ii) breach of express warranty; (iii) strict products liability; (iv) negligence; (v) negligent misrepresentation; and (vi) violation of the Consumers Legal Remedies Act. *See generally* Compl. Plaintiff alleges that she suffered injuries and damages when the skin therapy wand "failed

-4-

and its glass head unexpectedly exploded, broke off, and sent both glass and a strong powerful electric current through Plaintiff's hand, delivering electrocution that sent blood splattering on the walls and as far as the ceiling, causing her serious and debilitating injuries." *Id. ¶¶* 16–17. Plaintiff seeks general damages, punitive damages, as well as damages for past and future medical expenses, prejudgment and post-judgment interest, attorneys' fees, and costs of suit. *Id.* at 11–12.

10. Given the number of liability theories pursued, the severity of the alleged injury, and the nature and extent of the damages requested, it is facially apparent that the amount in controversy exceeds $75,000, and therefore meets the amount in controversy requirement. Thus, Amazon has satisfied its burden to establish that the amount in controversy exceeds $75,000.

11. By the statements contained in this Notice of Removal, Amazon does not concede that Plaintiff is entitled to any damages.

### III.    ALL PROPERLY SERVED DEFENDANTS CONSENT TO REMOVAL

12. All properly served defendants consent to this removal. Only Amazon has been properly served as of the filing of this Notice of Removal.

13. Onyx Distribution, **Inc**. is a named defendant in this lawsuit. Onyx Distribution, **Inc**. has not been properly served as of the filing of this Notice of Removal. Although Plaintiff's proof of service appears to indicate that "Onyx Distribution, **Inc**." was purportedly served, Plaintiff actually served Onyx Distribution, **LLC**—an entity that is not a named defendant—according to an email from Onyx Distribution, **LLC**'s attorney to Plaintiff's counsel. *See* Email from Onyx Distribution, LLC's counsel to Plaintiff's counsel, dated December 15, 2020, attached hereto as Exhibit I. Even if Onyx Distribution, **LLC** was properly served, it is not a named defendant. In fact, the subject incident allegedly occurred on June 16, 2019, and based on Onyx Distribution, **LLC**'s Articles of

Organization, it did not exist until August 30, 2019. A copy of Onyx Distribution, LLC's LLC Registration – Articles of Organization is attached hereto as Exhibit J.

14.    Named defendant Onyx Distribution, Inc. ceased to exist as of December 31, 2002. As described above, Onyx merged into Fleetpride West, Inc. Fleetpride West, Inc.'s agent for service of process is "The Corporation Trust Company" located in Delaware. A copy of the State of Delaware's entity details of Fleetpride West, Inc. is attached hereto as Exhibit H. A copy of Plaintiff's Proof of Service of Summons as to Defendant Onyx Distribution, Inc. (when Onyx Distribution, LLC was actually served) states that an individual identified as "Jacob Martinez – Authorized Agent" was served at 1421 N. Main Street, Los Angeles, CA 90012 on December 9, 2020. Based on all the publicly available information on both Onyx Distribution, Inc. and Fleetpride West, Inc., neither the individual nor the address identified on the proof of service as to Defendant Onyx Distribution, Inc. have any relation to those entities. *See* Exhibits C, D, E, F, G, and H.

15.    Thus, since Amazon is the only properly served defendant, 28 U.S.C. § 1446(b)(2)(A)'s unanimity of consent requirement is not applicable. *Destfino v. Reiswig*, 630 F.3d 952, 955 (9th Cir. 2011) (holding that codefendants not properly served need not consent or join).

## IV.    THIS FILING IS TIMELY

16.    Plaintiff served Amazon on December 15, 2020. Amazon filed this Notice of Removal within thirty (30) days after it was served. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

## V.    VENUE OF REMOVED ACTION

17.    The Central District of California is the United States district court for the district and division embracing the state court where this action was filed and is pending. Venue is proper in this Court under 28 U.S.C. § 1441(a).

DEFENDANT AMAZON.COM, INC.'S NOTICE OF REMOVAL

## VI.    NOTICE TO THE STATE COURT

18.    A copy of this Notice of Removal is being served on all served parties and filed with the Superior Court of the State of California, County of Los Angeles, where this case was originally filed.

## VII.    PLEADINGS IN THE STATE COURT ACTION

19.    All process, pleadings, and orders served upon Amazon in this action are attached as Exhibit A.  A true and correct copy of the Los Angeles Superior Court docket for this action is attached as Exhibit B.

## VIII.    NON-WAIVER OF DEFENSES

20.    Amazon expressly reserves all of it defenses.  By removing the action to this Court, Amazon does not waive any rights or defenses available under federal or state law.  Amazon expressly reserves the right to move for dismissal of the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.  Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim or have any substantive merit.

WHEREFORE, Amazon hereby removes the above-entitled case to this Court.

DATED:  January 14, 2021          **PERKINS COIE LLP**

By: */s/ Ross E. Bautista*
      Julie L. Hussey, Bar No. 237711
      Jhussey@perkinscoie.com
      Ross E. Bautista, Bar No. 312319
      Rbautista@perkinscoie.com

Attorneys for Defendant
AMAZON.COM, INC.

-7-

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record, via the Court's CM/ECF system and email, on January 14, 2021, as follows:

Eduardo Martorell (emartorell@martorell-law.com)
Jean-Paul Le Clerq (jpleclercq@martorell-law.com)
Martorell Law APC
Playa District
6100 Center Dr., Ste. 1130
Los Angeles, CA 90045
Phone: 323-840-1200

ATTORNEYS FOR PLAINTIFF
AZIN ESPAHBOD

*/s/ Ross E. Bautista*
Ross E. Bautista